IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA C. CASTILLO,<br><br>      Plaintiff,<br><br>  v.<br><br>WELLS FARGO BANK, N.A., NDEX WEST LLC,<br><br>      Defendants.<br>_____ / | No. C-15-2353 MMC<br><br>**ORDER GRANTING DEFENDANT WELLS FARGO BANK'S MOTION TO DISMISS; VACATING HEARING; DENYING AS MOOT REQUEST TO APPEAR BY TELEPHONE; DISMISSING COMPLAINT; AFFORDING PLAINTIFF LEAVE TO AMEND; CONTINUING CASE MANAGEMENT CONFERENCE** |

       Before the Court is defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") "Motion to Dismiss Complaint," filed June 3, 2015, and renoticed June 17, 2015.[1]  Plaintiff Maria C. Castillo ("Castillo") did not file opposition,[2] which Wells Fargo noted in a July 9, 2015, filing titled "Notice of Non-Receipt of Opposition."  Having read and considered the papers filed in support of the motion, the Court finds the matter suitable for determination on the moving papers, VACATES the hearing scheduled for July 24, 2015,[3] and rules as

---

    [1] On June 16, 2015, the action was reassigned to the undersigned.

    [2] Under the Local Rules of this District, any opposition was due no later than June 22, 2015.  See Civil L. R. 7-3(a).  Even assuming Castillo was of the view that the deadline to file opposition ran from the date on which Wells Fargo renoticed the motion, any opposition would have been due by July 6, 2015.  See id.

    [3] Wells Fargo's request, filed July 16, 2015, to appear by telephone is hereby DENIED as moot.  For future reference, Wells Fargo is advised that the Court does not conduct telephonic hearings on motions.

follows.[4]

1. The First Case of Action, titled "Violation of California Homeowners' Bill of Rights," is subject to dismissal, as Castillo fails to allege sufficient facts to support a finding that the alleged violations of the California Homeowner Bill of Rights ("HBOR") were "material," e.g., that any such violation prejudiced Castillo's ability to obtain a loan modification. See Cal. Civil Code § 2924.12(a) (providing borrower entitled to relief under HBOR only to "enjoin a material violation").

2. The Second Cause of Action, titled "Statutory Unfair Competition - California Business and Professions Code § 17200," is subject to dismissal, as it is entirely derivative of the First Cause of Action, and, additionally, Castillo fails to allege facts to support a finding that she "lost money or property" as a result of the alleged violations of HBOR. See Cal. Bus. & Prof. Code § 17204.

3. The Third Cause of Action, titled "Common Law Unfair Competition," is subject to dismissal, as a common law unfair competition claim can only be brought by one competitor against another competitor. See Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1263-64 (1992) (holding scope of common law unfair competition law limited to "the act of 'passing off' one's goods as those of another" and "acts analogous to 'passing off'," and does not provide "remedy for consumers").

4. The Fourth Cause of Action, titled "Breach of Covenant of Good Faith and Fair

---

[4] Although Castillo has not challenged the Court's jurisdiction over this removed action, the Court has considered the issue. Wells Fargo's showing that defendant NDeX West, LLC ("NDeX") is diverse from Castillo is insufficient (see Notice of Removal at 4:25-27 (asserting unnamed "individuals" who are sub-members of NDeX are "residents of the State of Texas")), as Wells Fargo has not shown that each of NDeX's sub-members is a "citizen" of a specified state differing from California, the state of which plaintiff is a citizen. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (holding "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state"). Wells Fargo, however, has sufficiently shown that NDeX is a "nominal" defendant (see Notice of Removal at 5:17-24), and, consequently, NDeX's citizenship is disregarded. See also Prasad v. Wells Fargo Bank, N.A., 2011 WL 4074300, at *2-3 (W.D. Wash. September 13, 2011) (holding trustee is "nominal" defendant, and its citizenship is disregarded, where complaint does not include "substantive allegations" against trustee). Accordingly, the Court is satisfied it has diversity jurisdiction over the instant action.

2

1 Dealing," is subject to dismissal, as Castillo fails to identify any facts to support a finding
2 that the parties' loan agreement requires Wells Fargo to offer, or even consider, a loan
3 modification.  See Racine & Laramie, Ltd. v. California Dep't of Parks and Recreation, 11
4 Cal. App. 4th 1026, 1031-32 (1992) (holding "implied covenant of good faith and fair
5 dealing rests upon the existence of some specific contractual obligation"; reversing
6 judgment finding defendant breached covenant by not agreeing to modify existing contract,
7 as "[t]here existed no express contractual obligation . . . to negotiate a modification").

   5. The Fifth Cause of Action, titled "Negligence," is subject to dismissal.  Although "[t]he California Courts of Appeal have reached different conclusions as to whether lenders owe borrowers a duty of care when considering a loan modification application," see Carbajal v. Wells Fargo Bank, N.A., 2015 WL 2454054, at *4 (C.D. Cal. April, 10, 2015) (citing cases), the Court need not determine whether a duty of care was owed here, as, even assuming Wells Fargo owed Castillo a duty not to give her "vague . . . explanations" or "unjustified excuses" (see Compl. ¶ 66), Castillo fails to allege sufficient facts to support a finding that any such conduct caused a cognizable injury.  Cf. Alvarez v. BAC Home Loan Servicing, L.P., 228 Cal. App. 4th 941, 948–951 (2014) (holding, where lender "agree[s] to consider modification," lender has "duty to use reasonable care in the processing of a loan modification"; finding plaintiffs sufficiently stated claim for negligence, where plaintiffs alleged "they would have received [a modification] had their applications been properly reviewed, and, alternatively, that the delay in processing deprived them of the opportunity to seek relief elsewhere").

   6. The Sixth Cause of Action, titled "Negligent Infliction of Emotional Distress," is subject to dismissal for the reasons stated above with respect to the Fifth Cause of Action.

   7. The Seventh Cause of Action, titled "For Declaratory Relief," is subject to dismissal, as it seeks a finding that Wells Fargo violated HBOR (see Compl. ¶ 78), and, consequently, is duplicative of the First Cause of Action.  See Swartz v. KPMG LLP, 476 F.3d 756, 765-66 (9th Cir. 2007) ("To the extent [a plaintiff] seeks a declaration of defendants' liability for damages sought for his other causes of action, the claim is merely

duplicative and [is] properly dismissed.").

    8. The Eighth Cause of Action, titled "For Injunctive Relief," is subject to dismissal, as "injunctive relief" is not a claim, but, rather, a remedy. See County of Del Norte v. City of Crescent City, 71 Cal. App. 4th 965, 973 (1999) (holding "[a] permanent injunction is an equitable remedy, not a cause of action, and thus it is attendant to an underlying cause of action"); Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 709 (N.D. Cal. 2009) (dismissing cause of action for "injunctive relief" on ground it does not state independent claim).

## CONCLUSION

For the reasons set forth above, Wells Fargo's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED.

If Castillo wishes to amend to cure the deficiencies identified above, any First Amended Complaint shall be filed no later than August 3, 2015.

In light of the above, the Case Management Conference is hereby CONTINUED from August 28, 2015, to October 16, 2015, at 10:30 a.m. A Joint Case Management Statement shall be filed no later than October 9, 2015.

**IT IS SO ORDERED.**

Dated: July 17, 2015

                                            MAXINE M. CHESNEY
                                            United States District Judge